

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RODRICK TUCKER, <br> *aka Rodrick Roshad Jamaine Tucker*, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SPARTANBURG; <br> SPARTANBURG CITY POLICE <br> DEPARTMENT; & JONATHAN LAWSON, <br><br> Defendants. | §<br>§<br>§<br>§<br>§<br>§CIVIL ACTION NO. 7:14--00644-MGL-JDA<br>§<br>§<br>§<br>§<br>§<br>§ |

### ORDER GRANTING IN PART AND DENYING IN PART
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case was filed as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted with respect to Defendant City of Spartanburg (Defendant City) and Defendant Spartanburg City Police Department (Defendant Department), but denied with respect to Defendant Jonathan Lawson (Defendant Lawson). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 2, 2014, and Defendants filed their objections on October 20, 2014. Plaintiff failed to file any objections. Therefore, as to any portion of the Report with which Plaintiff might disagree, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

As detailed in the Report:

> Plaintiff filed this § 1983 action alleging an unconstitutional detainment and search of his automobile. On the evening of February 1, 2013, Plaintiff and three companions stopped at the QuikTrip on West Main Street in Spartanburg, South Carolina. While parked, Ty, the cousin of Plaintiff's friend, approached the car and tried to initiate a fight with Plaintiff. Plaintiff grabbed a metal baton and told Ty to move away from the car. Ty stated, "you gone have to shoot me." Plaintiff told the driver of the car, "Man bump him let's go."
> 
> During this exchange, Spartanburg City Police Officer Valentin pulled up to the QuikTrip. Officer Valentin pulled Plaintiff's car over, drew his gun, and told everyone to exit the car. Plaintiff and his companions got out of the car and were placed in handcuffs. As Plaintiff was being placed in handcuffs, other officers arrived at the scene, including Officer Jonathan Lawson . . . and his police dog, Tinka. Plaintiff advised the officers that he was the owner of the car and that he did not consent to any search. The officers questioned Plaintiff and his companions about the presence of a gun in the car; all denied any knowledge of a gun. Lawson then retrieved Tinka from his patrol car and walked her around to the back door on the passenger's side of Plaintiff's car. Lawson commanded Tinka to sit,

>and she obeyed. Lawson and Tinka began the open air sniff, and
>Tinka jumped into the open passenger's side door. The officers
>claimed Tinka alerted [while inside the car as well as two other times
>as she walked around the perimeter of the car] and proceeded to
>search the car, but found no illegal substances or contraband.
>Plaintiff and his companions were then released.

Report 2-3 (citations omitted) (errors in original documents). Plaintiff seeks both monetary and injunctive relief.

As a preliminary matter, the Court notes that Plaintiff failed to file any objections regarding the Magistrate Judge's suggestion that Defendants motion for summary judgement as to Defendant City and Defendant Department be granted. Thus, because the Court has satisfied itself that there is no clear error on the face of the record, *Diamond*, 416 F.3d at 315, the Court will grant Defendants motion as to these two defendants. As such, Defendants' objections are limited to whether the Court should grant summary judgment as to Defendant Lawson.

First, Defendants object to the Magistrate Judge's "finding that Defendant Lawson was not entitled to summary judgment because there is a factual dispute as to whether the drug dog, Tinka, was directed into Plaintiff's vehicle or jumped instinctively." Objections 1. The Court disagrees with Defendant's objection.

As stated by Defendants', "[a] trained canine's sniff inside of a car after instinctively jumping into the car is not a search that violates the Fourth Amendment as long as the police did not encourage or facilitate the dog's jump." Objections 1-2 (citing *United States v. Sharp*, 689 F.3d 616 (6th Cir. 2012); *United States v. Pierce*, 622 F.3d 209, 213-14 (3d Cir. 2010); *United States v. Lyons*, 486 F.3d 367, 373 (8th Cir. 2007); *United States v. Stone*, 866 F.2d 359, 364 (10th Cir. 1989)).

So then the question presented here is whether Tinka jumped into the car on her own accord or Defendant Lawson encouraged her to do so. Plaintiff submitted affidavits to the Court stating that Defendant Lawson pulled Tinka into the car. Defendant Lawson, however, states that Tinka instinctively jumped into the car. The Court is unable to make a factual finding based upon these contradictory affidavits. *See Raines v. United States*, 423 F.2d 526, 503 (4th Cir. 1970) (holding that resolution of a credibility dispute can rarely be made on affidavits alone).

As Defendants note, "[a]n affidavit used to oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] is competent to testify on the matter[s] stated." Defendant's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment 4 (quoting Fed. R. Civ. P. 56(c)(4).

The crux of Defendants' argument is that Defendant Lawson, as the dog handler, is more or less an expert on the proper handling of Tinka, and so his affidavit is the final word on whether he actually pulled Tinka into Plaintiff's car. And, according to Defendants', because the affiants have not been trained in the proper procedures of handling a trained canine, their affidavits should be accorded little to no weight inasmuch as their affidavits are conclusory and not based upon personal knowledge.

Although not directly on point, Defendants cite to two cases that they argue support their position "that a dog handler's description of his interaction with his trained canine is due great deference and that the uninformed statements or opinions of other parties are of little probative value." Defendant's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment 4 (citing *United States v. Christian*, 452 F. App'x 283, 286 (4th Cir. 2011); and *United States v. Howard*, 621 F.3d 433, 449 (6th Cir.2010)). But, neither of these cases can bare the weight that

4

Defendants ascribe to them. In each of these cases, the dog handler testified and the district court made a determination as to the dog handler's credibility. Here, however, no such credibility determination has been made. Therefore, the Court finds Defendants's arguments on this issue are of no merit. As such, because there is a genuine issue of material fact as to whether Defendant Lawson pulled Tinka into the car, as Plaintiff's affiants aver, or whether she instinctively jumped into the car, as Defendant Lawson maintains, the Court overrules Defendants' first objection and will deny Defendants' motion for summary judgment on this claim.

Second, Defendants object to the Magistrate Judge's "finding that [Defendant] Lawson is not entitled to summary judgment because there is a factual dispute as to whether Tinka alerted to the presence of illegal drugs." Objections 5. The Court is unconvinced that the Magistrate Judge erred.

This factual dispute is of much import because, if Tinka alerted, there was probable cause to search Plaintiff's vehicle and, thus, there is no constitutional violation. *See United States v. Robinson*, 707 F.2d 811, 815 (4th Cir.1983) ("The detection of narcotics by a trained dog is generally sufficient to establish probable cause."). Conversely, if she did not alert, then there was not probable cause and, therefore, there was a constitutional violation.

"[T]he credibility of a dog's alert rests 'almost entirely on the credibility of the dog handler's testimony [b]ecause the handler is the only witness who can speak to the subjective interaction during a particular dog alert[,]'" *United States v. Christian*, 452 F. App'x 283, 286 (4th Cir. 2011) (quoting *United States v. Howard*, 621 F.3d 433, 449 (6th Cir.2010)). And, when a dog handler testifies on the issue of whether his dog alerted, and the district court finds his testimony to be credible, the Court should give great deference to that testimony. But, as discussed above, in both

of these cases, the district court held a hearing and then made a credibility determination as to the dog handler's testimony. But here, no such credibility determination has been made.

So again, the Court is presented with contradictory affidavits: it has affidavits from Plaintiff stating that Tinka did not alert and an affidavit from Defendant Lawson saying that she did. Inasmuch as the Court is unable to make a credibility determination based upon affidavits alone, the Court also overrules this objection and will deny Defendants' motion for summary judgment on whether, as Defendant Lawson contends, Tinka alerted.

Third, Defendants object to the Magistrate Judge's "finding that [[Defendant] Lawson is not entitled to summary judgment based upon qualified immunity due to factual disputes in this case." Objections 7. The Court is unpersuaded that the Magistrate Judge is mistaken.

Qualified immunity shields government officials in their individual capacities from civil liability "unless the § 1983 claim satisfies a two-prong test: (1) the allegations, if true, substantiate a violation of a federal statutory or constitutional right and (2) the right was 'clearly established' such that a reasonable person would have known his acts or omissions violated that right." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011). "The burden of proof and persuasion with respect to a defense of qualified immunity rests on the official asserting that defense." *Meyers v. Baltimore Cnty., Md.*, 713 F.3d 723, 731 (4th Cir. 2013).

Qualified immunity does not protect government officials when they are "plainly incompetent or . . . knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "But, in gray areas, where the law is unsettled or murky, qualified immunity affords protection to [a government official] who takes an action that is not clearly forbidden–even if the action is later deemed wrongful."

*Rogers v. Pendleton*, 249 F.3d 279, 286 (4th Cir. 2001) (internal quotation marks omitted). There are two sub-parts to this objection. The Court will address each one in turn.

The first subpart is whether Defendant Lawson is entitled to qualified immunity as to Tinka's jumping into the car and allegedly alerting that there were drugs in Plaintiff's car. "A citizen does not surrender all the protections of the Fourth Amendment by entering an automobile." *New York v. Class*, 475 U.S. 106, 112 (1986). "While the interior of an automobile is not subject to the same expectations of privacy that exist with respect to one's home, a car's interior as a whole is nonetheless subject to Fourth Amendment protection from unreasonable intrusions by the police." *Id*. at 114-15. Viewing the facts in the light most favorable to Plaintiff, as we must do at this stage of the litigation, we assume that Defendant Lawson pulled Tinka into Plaintiff's car, which the Court holds to be an "unreasonable intrusion by the police." *Id.* at 115. And, in light of *Class*, there can be no dispute that an unreasonable intrusion by a police officer "was 'clearly established' such that a reasonable person would have known his acts or omissions violated that right." *Brockington*, 637 F.3d 503, 506 (4th Cir. 2011). Therefore, Defendant Lawson is not entitled to qualified immunity on this issue.

The second subpart of this objection is whether Defendant Lawson is entitled to qualified immunity as it relates to the search of Plaintiff's vehicle based on the other two alleged alerts as Tinka walked around the perimeter of the car. As discussed above, there is a genuine issue of material fact as to whether Tinka actually alerted to the presence of drugs. And, as the Court has already noted, if Tinka alerted, then there was probable cause to search Plaintiff's vehicle and, consequently, there is no constitutional violation. *See Robinson*, 707 F.2d at 815 (4th Cir.1983). But, if Tinka did not alert, then there was not probable cause to search Plaintiff's car and, therefore,

7

there was a constitutional violation. Because at the summary judgment stage the Court must view the facts in the light most favorable to Plaintiff, the Court assumes that there was a constitutional violation inasmuch as, according to Plaintiff, Tinka did not alert. And, if she did not alert, there was not probable cause to search Plaintiff's car. Further, Plaintiff's right not to have his car searched without probable cause "was 'clearly established' such that a reasonable person would have known his acts or omissions violated that right." *Brockington*, 637 F.3d at 506. Therefore, Defendant Lawson is not entitled to summary judgment on this claim, either.

Fourth and finally, Defendants object to the Magistrate Judge's "finding that [Defendant] Lawson is not entitled to summary judgment against him in his official capacity." Objections 9. Defendants are correct.

A suit against a government official in his individual capacity for deprivation of federal rights seeks to impose personal liability upon the official. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In contrast, a suit against a government official in his official capacity is treated as a suit against the government entity of which the official is an agent. *See id.* at 165–66. Local government units are liable only if an official's execution of a municipal policy, practice, or custom caused the injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In recommending that summary judgment be granted to Defendant City, the Magistrate Judge found that "Plaintiff fails to identify a specific policy or custom attributable to [Defendant City] with respect to his claims of constitutional violations. Thus, Plaintiff also fails to allege facts establishing the necessary affirmative link between the policy or custom and the violation of Plaintiff's rights." Report 9. Consequently, inasmuch as the Court is granting summary judgment in favor of Defendant City, and a suit against a government official such as Defendant Lawson in his official capacity is the same

as a suit against Defendant City, the Court will grant Defendant Lawson's motion for summary on this claim.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this order and incorporates it herein.  Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** with respect to Defendant City and Defendant Department, but **DENIED** with respect to Defendant Jonathan Lawson.

**IT IS SO ORDERED**.

Signed this 24th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.